IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEBORAH HOPKINS,

             Plaintiff,

v.

CAPITAL ONE BANK USA, N.A.
and KOHN LAW FIRM, S.C.,

             Defendant.

ORDER AND
CERTIFICATION TO
THE STATE OF WISCONSIN

14-cv-44-wmc

---

On March 27, 2014, defendants' attorney wrote to the court (dkt. 13) to point out that because plaintiff is challenging the constitutionality of Wisconsin state statutes (specifically, Wis. Stats. §§ 799.12, 799.24 and 799.29), this court is required by 28 U.S.C. § 2403(b) to certify plaintiff's challenge to the Wisconsin Attorney General and give the State the opportunity to intervene for presentation of evidence (if necessary) and argument on the question of constitutionality. A review of plaintiff's complaint confirms that plaintiff is challenging the constitutionality of these statutes. *See* January 24, 2014 Complaint, dkt. 1, at ¶¶ 56, 62, 70-72, 92-95 and "Request for Relief" ¶¶ (e) and (f). A copy of plaintiff's complaint is attached to this order.

Therefore, it is ORDERED that plaintiff's challenge to the constitutionality of Wis. States. §§ 799.12, 799.24 and 799.29 is CERTIFIED to the Honorable J.B. Van Hollen, Attorney General for the State of Wisconsin, for the purpose of determining whether the State wishes to intervene in this lawsuit to be heard on plaintiff's challenge to the constitutionality of Wis. Stats. §§ 799.12, 799.24 and 799.29. The Attorney General's Office must advise this court of the State's decision not later than May 9, 2014; this court shall deem a failure timely to advise to be a decision not to intervene.

Entered this 28th day of March, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

Deborah Hopkins,                          Case No. 2014-CV-_____

        Plaintiff,

vs.

Capital One Bank USA, N.A., and
Kohn Law Firm, S.C.,

        Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action brought by Plaintiff Deborah Hopkins ("Hopkins") for actual, statutory and punitive damages, declaratory and injunctive relief, reasonable attorney's fees and costs against Defendants Capital One Bank USA, N.A. ("Capital One") and Kohn Law Firm, S.C. ("Kohn Law Firm"). Hopkins brings this suit to redress the Defendants violations of Hopkins's rights and privileges under the United States Constitution and Amendments thereto, for violations of the Civil Rights Act of 1871, 42 U.S.C. §1983 et. seq., as well as the Defendants violations of the Fair Debt Collection Practices Act (against Kohn Law Firm only) and the Wisconsin Consumer Act, and also asserts a claim under Wisconsin common law for abuse of process. Hopkins also seeks injunctive and declaratory relief pursuant to 28 U.S.C. §2201 seeking a declaration that Wis. Stat. § 799.12 and its purported authority to obtain a judgment via publication over a person who has never been served either personally or by via US mail, and a declaration that Wis. Stat. § 799.29 and its corresponding

one year limit to attack void judgments each violate the United States and Wisconsin Constitutions, and for any appropriate corresponding injunctive relief.

## II. JURISDICTION & VENUE

2. Jurisdiction of this court arises under 42 U.S.C. §1983 (Civil Rights), 28 U.S.C. §1331 (Federal Question), 28 U.S.C. §1343 (Civil Rights), 15 U.S.C. § 1692k (FDCPA), and 28 U.S.C. §1367 (Supplemental).

3. Venue is proper under 28 U.S.C. §1391.

## III. PARTIES

4. Deborah Hopkins is a natural person residing in Polk County, Wisconsin, is a "person" as defined by Wis. Stat. § 990.01(26), and is a citizen of the United States or a person within its jurisdiction.

5. Hopkins lacks sophistication in the specific businesses of lending money, payday loans, and/or deferred deposit services.

6. Hopkins was and is a "person" as defined by Wis. Stat. §§ 421.301 and 990.01(26), and is a "person" protected by and entitled to enforce the remedies of Wis. Stat. §§ 427.101 - 105.

7. Hopkins was and is a "consumer" or "customer" as defined by Wis. Stat. § 421.301(17), and 15 U.S.C. § 1692a(3).

8. Hopkins was and is a member of the "public" as that term is used in Wis. Stat. § 100.18.

9. Defendant Capital One Bank USA, N.A., is a national bank which does business under the trade name "Capital One," is engaged in the lending of money and subsequent collection of debt.

10. Capital One is a sophisticated financial services company, operating throughout Wisconsin and throughout the United States.

11. Capital One is engaged in the collection of debts owed itself using the mail and telephone.

12. Capital One regularly attempts to collect debts owed itself, and was and is a "debt collector" as defined by Wis. Stat. § 427.103(3).

13. Capital One was and is a "merchant" as defined by Wis. Stat. § 421.301(25).

14. Capital One was and is a "person" as that term is used in Wis. Stat. § 100.18, and as defined by Wis. Stat. § 990.01(26).

15. Capital One was and is a "person" as defined by Wis. Stat. § 421.301.

16. Capital One is liable for the acts of its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondeat superior, agency, and vicarious liability.

17. Defendant Kohn Law Firm, LLC, is a limited liability company which is engaged in the collection of debt on behalf of others.

18. Kohn Law Firm is a sophisticated law firm operating throughout Wisconsin.

19. Kohn Law Firm is engaged in the collection of debts owed itself using the mail and telephone and legal process.

20. Kohn Law Firm regularly attempts to collect debts owed others, and was and is a "debt collector" as defined by Wis. Stat. § 427.103(3) and 15 U.S.C. § 1692a(3).

21. Kohn Law Firm was and is a "merchant" as defined by Wis. Stat. § 421.301(25).

22. Kohn Law Firm was and is a "person" as that term is used in Wis. Stat. § 100.18, and as defined by Wis. Stat. § 990.01(26).

23. Kohn Law Firm was and is a "person" as defined by Wis. Stat. § 421.301.

24. Kohn Law Firm is liable for the acts of its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondeat superior, agency, and vicarious liability.

## IV. FACTUAL ALLEGATIONS

25. Prior to 2007, Hopkins contracted with Capital One for an unsecured, open ended loan via a credit card.

26. Hopkins's application for and use of the loan and credit card was for personal, family, or household purposes, and thus arose from a "consumer credit transaction" as defined by Wis. Stat. § 421.301(10), as well as from a "consumer transaction" as defined by Wis. Stat. § 421.301(13).

27. Hopkins's obligation to repay Capital One constituted a consumer "debt" or "claim" as that term is defined under Wis. Stat. § 427.103(1) and 15 U.S.C. § 1692a(5).

28. For several years, Hopkins used the card for purchases, and repaid Capital One according to the parties agreements, all without incident.

29. At some point Hopkins fell behind on her payments to Capital One and fell into default under the contract

30. On or about November 27, 2011, Capital One initiated suit against Hopkins in Polk Count Wisconsin small claims court. *Capital One Bank v. Hopkins*, No. 2011-SC-1018 (Polk Co., WI).

31. The complaint filed by Capital One did not meet the requirements of the Wisconsin Consumer Act, as the complaint did not include all of the figures necessary for calculation

Case: 3:14-cv-00044-wmc Document #: 1 Filed: 01/24/14 Page 5 of 14

of the amount owed (and in fact included conflicting information as to that amount) as required by Wis. Stat. § 425.109(1)(d).

32. Service was attempted via U.S. Mail, with a copy of the summons and complaint mailed by the Clerk of Court to Hopkins at an address in Deer Park, Wisconsin.

33. Hopkins had vacated that address prior to the filing of the suit.

34. The summons and complaint were returned to the clerk of court by the postal service marked as undeliverable, and the clerk of court notified Capital One's legal counsel - Kohn Law Firm - of this fact.

35. Capital One then filed an amended summons, and astonishingly mailed the amended summons to Hopkins at the same invalid Deer Park address.

36. Capital One also published a copy of the amended summons in a local newspaper.

37. The use of the summons and the amended summons by Capital One and Kohn Law Firm constitute the use of legal process.

38. The amended summons was also returned by the postal service, this time to counsel for Capital One, marked as undeliverable.

39. Capital One's and Kohn Law Firm's preparation, filing, and subsequent use of the summons and amended summons, and Capital One's and Kohn Law Firm's use of the Polk County Clerk of Court for service of the summons, and Capital One's and Kohn Law Firm's use of the Wisconsin legal system, constitutes state action.

40. Capital One and Kohn Law Firm acted under color of state law when they prepared, filed, and subsequent employed the summons and amended summons.

41. Capital One and Kohn Law Firm acted under color of state law when they used the Polk County clerk of court for service of the summons.

42. Capital One and Kohn Law Firm acted under color of state law when they used the Wisconsin legal system to ask for and later unlawfully obtain a void judgment against Hopkins.

43. In spite of the fact that both the original summons and the amended summons had been returned as undelivered, and in spite if their awareness of these facts, Capital One via Kohn Law Firm sought the entry of a default judgment against Hopkins.

44. On January 24, 2012, attorneys from Kohn law firm, acting on behalf of Capital One, appeared in Polk County Wisconsin small claims Court, and requested the entry of a default judgment against Hopkins, in spite of the fact that she had never been served with any legal process, and was totally unaware of the lawsuit.

45. On January 24, 2012, judgment was entered in favor of Capital One and against Hopkins in the amount of $ 3,376.18.

46. The January 24, 2012 judgment entered in favor of Capital One and against Hopkins in the amount of $ 3,376.18 was void ab initio, as the Polk County small claims Court never obtained jurisdiction over Hopkins. See *Jones v. Flowers*, 547 U.S. 220, 126 S. Ct. 1708, 164 L. Ed.2d 415 (2006)( U.S Supreme Court invalidated, on Due Process grounds, an Arkansas tax sale of real property, where the government tax seller knew the debtors did not have notice, since certified letters sent to the debtors had been returned unclaimed).

Case: 3:14-cv-00044-wmc    Document #: 1    Filed: 01/24/14    Page 7 of 14

47. By seeking and obtaining a void judgment against Hopkins, supported by a summons and an amended summons that were never served on Hopkins, Capital One and Kohn Law Firm have misused and abused Wisconsin legal process to the injury of Hopkins.

48. As business conducting their affairs within the United States generally, and Wisconsin specifically, both Capital One and Kohn Law Firm are deemed to know what is lawful and what is unlawful under US and Wisconsin law. *Barlow v. United States*, 8 L. Ed. 728 (1833)("ignorance of the law will not excuse any person, either civilly or criminally"); *Atkins v. Parker,* 472 U.S. 115, 130 (1985)("all citizens are presumptively charges with knowledge of the law"); *Putnam v. Time Warner Cable of Southeastern Wisconsin, LP,* 2002 WI 108, ¶ 13 & footnote 4, 255 Wis.2d 447, 458, 649 N.W.2d 626 (Wis. 2002)("Wisconsin has adopted the mistake of law doctrine").

49. The January 24, 2012 judgment included $276.45 in costs and attorney fees that Capital One was not lawfully entitled to, and that Kohn Law Firm was not lawfully entitled to ask for, and that both Defendants should have known was invalid, as the Polk County small claims court never obtained jurisdiction over Hopkins.

50. The clerk of court mailed a notice of entry of judgment to Hopkins, again to the same invalid Deer Park address.

51. Once again the notice was returned to the clerk of court by the postal service as undelivered.

52. On or about February 5, 2013, Kohn Law Firm, acting on behalf of Capital One, sent Hopkins a letter dated February 5, 2013. This letter did not mention the entry of judgment, indicated the account balance as $3,517.63, and offered to "resolve your delinquent account."

53. In essence, the February 5, 2013 letter, Kohn law firm, acting on behalf of Capital One, is attempting to collect the balance of the judgment, which included costs and attorney fees awarded by the court. As noted above, the balance of the January 24, 2012 judgment included $276.45 in costs and attorney fees that Capital One was not lawfully entitled to, and that Kohn Law Firm was not lawfully entitled to ask for, as the Polk County small claims court never obtained jurisdiction over Hopkins.

54. Approximately 14 months later, Hopkins met with the undersigned about an unrelated consumer matter. At that meeting, Hopkins viewed Wisconsin's on line docket - CCAP - and learned of the entry of the judgment against her.

55. Hopkins retained the undersigned, and Hopkins promptly moved to vacate the judgment.

56. In her motion to vacate the judgment, Hopkins argued that her due process rights under both the US and Wisconsin constitutions were violated, that the Wisconsin Consumer Act was violated, and that to the extent Wis. Stat. Ch. 799 placed a one year limit on her motion to vacate, said limit was unconstitutional as applied to her.

57. Capital One through its legal counsel Kohn Law Firm vigorously opposed the motion to vacate over the course of four months, and filed several briefs, memorandums of law and affidavits in its defense.

58. At the end of July 2013. Capital One through its legal counsel Kohn Law Firm abruptly changed course, withdrew its defenses, and consented to the entry of an order vacating the judgment and dismissing the action.

59. On July 30, 2013, the Polk County small claims Court executed such an order, vacating the judgment and dismissing the action.

60. Capital One and Kohn Law Firm deprived Hopkins of the "rights, privileges [and] immunities" she enjoyed under the Unites States constitution, specifically her 14th amendment right to due process, when they sought and obtained a void judgment against her.

61. The deprivation of Hopkins's property was caused by the Defendants' use and misuse of Wisconsin's small claims rules for the service of process.

62. To the extent that Wis. Stat. § 799.29 acted or served to bar Hopkins from seeking to vacate the January 24, 2012 judgment, said statute is unconstitutional as applied to Hopkins.

63. Upon information and belief, Capital One and Kohn Law firm continue to rely on Wisconsin chapter 799 and its small claims rules, specifically Wis. Stat. § 799.12, to obtain judgments against Wisconsin residents where they have not been served either personally or by US mail.

64. By relying on and employing the mechanisms of Wis. Stat. § 799.12 and the defense of Wis. Stat. § 799.24, Capital One and Kohn Law Firm were and are acting under color of state law.

65. By relying on and employing the mechanisms of Wis. Stat. § 799.12 and the defense of Wis. Stat. § 799.24, Capital One and Kohn Law firm were and are engaging in state action.

66. As a result of the above events, Hopkins has suffered damages.

## V. CAUSES OF ACTION

**Count 1.    Violation of the Civil Rights Act of 1871, 42 U.S.C. §1983 et. seq.**

67. Hopkins incorporates by reference all Paragraphs above.

68. Defendants violated the Federal Civil Rights Act, 42 U.S.C. §1983.

69. Defendants knew or should have known that neither the summons nor the amended summons had been served on or delivered to Hopkins.

70. Defendants knew or should have known that Wis. Stat. Wis. Stat. § 799.12 which purports to allow the entry of judgment against a Wisconsin resident without notice and opportunity

Case: 3:14-cv-00044-wmc Document #: 1 Filed: 01/24/14 Page 10 of 14

to be heard, violates the Due Process clauses of the 14th Amendment of the United States Constitution, and Section 1 of the Wisconsin Constitution.

71. Defendants knew or should have known that Wis. Stat. Wis. Stat. § 799.24 which purports to prevent a Wisconsin resident from vacating a void judgment if one year has elapsed from its entry, violates the Due Process clauses of the 14th Amendment of the United States Constitution, and Section 1 of the Wisconsin Constitution.

72. Defendants' violations of the Act and the 14th Amendment include, but are not limited to the following:

   (a) Defendant's' use and mis use of the provisions of Wis. Stat. § 799.12 to falsely obtain "jurisdiction" over Hopkins and thus wrongfully obtain a default judgment against her.

   (b) Defendant's' use and mis use of the provisions of Wis. Stat. § 799.24 to attempt to bar Hopkins from obtaining a vacation of the void January 24, 2012 Polk County Wisconsin judgment.

73. Hopkins has been injured as a result of Defendants' conduct.

74. Defendants' violation of the Civil Rights Act, 42 U.S.C. §1983, entitles Hopkins to injunctive and declaratory relief, as well as her actual damages, punitive damages, and an award of costs, disbursements and attorneys' fees pursuant to 42 U.S.C. §1988.

## Count 2. Fair Debt Collection Practices Act

75. Hopkins incorporates by reference all Paragraphs above.

76. Defendant Kohn Law Firm violated the Fair Debt Collection Practices Act. Defendant's violations include, but are not limited to the following:

   (a) Prohibited Practice/False Representation

   Defendant violated 15 U.S.C. §§ 1692d, 1692e(2)(a) and 1692f, when it falsely represented the balance that Hopkins owed Capital One, in a letter dated February 5, 2013.

(b)   Prohibited Practice/Unlawful Debt Collection Actions

Defendant violated 15 U.S.C. §§ 1692d, 1692e(2)(a) and 1692f, when it unlawfully sought and obtained a void judgment against Hopkins. Said violation is a continuing violation that persisted until Hopkins succeeded in vacation the January 24, 2012 judgment on July 30, 2013.

77. Hopkins has been injured as a result of Defendant Kohn Law Firm's conduct.

78. As a result of the above violations of the Fair Debt Collection Practices Act, Defendant Kohn Law Firm is liable to the Hopkins in the sum of Hopkins's actual damages, statutory damages, costs, disbursements and reasonable attorney's fees.

**Count 3.    Wisconsin Consumer Act**

79. Hopkins incorporates by reference all Paragraphs above.

80. Defendants violated the Wisconsin Consumer Act. Defendants' violations include, but are not limited to the following:

(a)   Prohibited Practice/Pleading violation

Defendants violated Wis. Stat. § 425.109 by failing to include all information and documentation in the complaint it filed on November 17, 2011 against Hopkins in *Capital One v. Hopkins*, No. 2011-CV-1018 (Polk County Small Claims Court).

(b)   Prohibited Practice/Unlawful Debt Collection Actions

Defendants violated Wis. Stat. § 427.104(1)(j) by repeatedly attempting to enforce a right with knowledge or reason to know that the right does not exist, via Defendants' unlawful acts in seeking and obtaining a void judgment against Hopkins. Said violation is a continuing violation that persisted until Hopkins succeeded in vacation the January 24, 2012 judgment on July 30, 2013.

(c)   Prohibited Practice/Unlawful Debt Collection Actions

Defendants violated Wis. Stat. § 427.104(1)(j) by repeatedly attempting to enforce a right with knowledge or reason to know that the right does not exist, one example of which is Defendants' unlawful act in seeking to collect amounts not allowed by law, in a collection letter dated February 5, 2013.

-11-

81. As a result of the above violations of the Wisconsin Consumer Act, Defendants are liable to the Hopkins in the sum of Hopkins's actual damages, statutory damages, punitive damages, costs, disbursements and reasonable attorney's fees.

**Count 4.** **Abuse of Process**

82. Hopkins incorporates by reference all Paragraphs above.

83. At all relevant times, Hopkins enjoyed under Wisconsin law the right to be free from abuses of legal process.

84. In November of 2011, Defendants initiated suit against Hopkins in Polk County small claims Court.

85. Defendants abused the provisions of Wisconsin law, by obtaining a judgment against Hopkins without ever obtaining jurisdiction over her, acting with an ulterior motive, contrary to the requirements of US and Wisconsin law.

86. Defendants actions in this regard were willful.

87. As a result of the Defendants' actions, Hopkins has suffered damages.

**Count 5.** **Declaratory and Injunctive Relief**

88. Hopkins incorporates by reference all Paragraphs above.

89. Hopkins is entitled to declaratory and injunctive relief pursuant to 28 U.S.C. §2201 *et seq.* and Fed. R. Civ. P. 65, as well as Wis. Stat. Chapter 426.

90. Hopkins has previously raised the constitutionality and damage claims to each Defendant and demanded redress.

91. Each Defendant has denied any constitutional in firmness in the statute or acts complained of, and declined to remedy Hopkins's injuries until July of 2013 when the Defendant abruptly withdrew their opposition to Hopkins quest to vacate the unlawfully entered January 24, 2013 judgment

92. Each Defendant has denied and continue to deny that its actions violated the US and/or Wisconsin Constitutions, and has denied and continue to deny that Wis. Stat. §§ 799.12 and 799.24 are unconstitutional as applied to Hopkins.

93. Upon information and belief, both Defendants continue to use Wis. Stat. §§ 799.12 and 799.24 to obtain void judgments against Wisconsin residents and to prevent their lawful vacation.

94. There is a dispute as to the constitutionality of the aforementioned statute and acts.

95. Hopkins is entitled to a declaration that the aforementioned acts and statutes are unconstitutional.

96. Hopkins is also entitled to any corresponding injunctive relief.

## VI. REQUEST FOR RELIEF

**WHEREFORE,** Hopkins asks this Court to enter judgment against Defendants, either individually or against both Defendants jointly and severally, as follows:

  a. Awarding Hopkins actual damages against both Defendants jointly and severally;

  b. Awarding Hopkins statutory damages under the Wisconsin Consumer Act against both Defendants jointly and severally;

  c. Awarding Hopkins statutory damages under the Fair Debt Collection Practices Act against Defendant Kohn Law Firm;

  d. Awarding Hopkins punitive damages against both Defendants jointly and severally;

  e. Declaring that Wis. Stat. § 799.12 is unconstitutional as applied;

  f. Declaring that Wis. Stat. § 799.24 is unconstitutional as applied;

  g. Corresponding injunctive relief against both Defendants jointly and severally;

  h. Awarding Hopkins costs, disbursements, and reasonable attorneys fees pursuant to 42 U.S.C. §1988 and Wis. Stat. § 425.308 against both Defendants jointly and severally;

-13-

i. Awarding Hopkins costs, disbursements, and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k against Defendant Kohn Law Firm; and

j. For such other and further relief as may be just and equitable.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Deborah Hopkins hereby demands that, to the extent provided by the United States and Wisconsin Constitutions, US and Wisconsin Statutes, and US and Wisconsin Common Law, these claims be determined by a jury of her peers.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Dated: January 24, 2014

s/Eric L. Crandall
**CRANDALL LAW OFFICES, SC**
1237 Knowles Avenue North
PO Box 27
New Richmond, WI 54017
715-246-1010
Wisconsin Atty. Lic. No. 1001833

**ATTORNEY FOR PLAINTIFF
DEB HOPKINS**