IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEBORAH HOPKINS,

                Plaintiff,　　　　　　　　　　OPINION AND ORDER

v.

　　　　　　　　　　　　　　　　　　　　　　　　14-cv-44-wmc

CAPITAL ONE BANK, USA, N.A. and
KOHN LAW FIRM, S.C.,

                Defendants.

---

In this action, plaintiff Deborah Hopkins asserts several claims against defendants Capital One Bank, USA, N.A., and its law firm, Kohn Law Firm, S.C., arising out of defendants' attempts to collect a consumer credit debt in Wisconsin small claims court. Specifically, Hopkins claims defendants violated her rights to Due Process under the Fourteenth Amendment of the United States Constitution, certain provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Wisconsin Consumer Act ("WCA"), Wis. Stat. Chs. 427 and 428, and protections from abuse of process found in Wisconsin common law. Defendants have moved to dismiss plaintiffs' amended complaint on several grounds and for Rule 11 sanctions, asserting that plaintiff's claims "are factually unsupported and clearly barred as a matter of law." (Defs.' Rule 11 Br. (dkt. #20) 1.) The court agrees with much of what defendants assert and will dismiss all of plaintiffs' claims, save the WCA and FDCPA claim challenging defendants' February 5, 2013, letter. At the same time, the court will deny defendants' motion for Rule 11 sanctions, finding the flaws in plaintiffs' complaint insufficient to impose sanctions.

ALLEGATIONS OF FACT[1]

**A. The Parties**

Plaintiff Deborah Hopkins is a citizen of Wisconsin, residing in Polk County, Wisconsin. She is a "person" and "customer" as defined by Wis. Stat. §§ 421.301 and a "consumer" as defined by 15 U.S.C. § 1692a(3).

Defendant Capital One Bank USA, N.A., is a national bank doing business under the trade name "Capital One." Capital One is engaged in the lending of money and subsequent collection of those loans. As such, Capital One is a "debt collector" and "merchant" under Wis. Stat. § 421.301. Plaintiff further alleges that Capital One is liable for the acts of its employees and agents.

Defendant Kohn Law Firm, LLC, is a limited liability company, engaged in the practice of law, including the collection of debt on behalf of others. Kohn Law Firm is a "debt collector" and "merchant" as defined by Wis. Stat. § 421.301 and 15 U.S.C. § 1692a(3).[2]

---

[1] The court accepts as true all well-pled factual allegations in the complaint, *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014), and views them in the light most favorable to the non-movant, *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (quoting *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000)).

[2] Plaintiff asks the court to exercise its supplemental jurisdiction over its state law claims pursuant to 28 U.S.C. § 1367. Based on the pleadings, supplemental jurisdiction appears to be the only option available because plaintiff does not allege sufficient facts for the court to find complete diversity of the parties or that the amount in controversy exceeds $75,000.

B. **State Court Action**

Sometime before 2007, Hopkins contracted with Capital One for an unsecured, open-ended loan via a credit card. Because Hopkin's application for and use of the credit card was for personal, family or household purposes, it arose from a "consumer credit transaction" and "consumer transaction" as defined by Wis. Stat. § 421.301. Similarly, Hopkin's obligation to repay Capital One constituted a consumer "debt" or "claim" under Wis. Stat. § 427.103(1) and 15 U.S.C. § 1692a(5). At some point, Hopkins fell behind on her payments and defaulted on the contract. On November 27, 2011, Capital One initiated a collection action against Hopkins in Polk County, Wisconsin, small claims court. *Capital One Bank v. Hopkins*, No. 2011-SC-1081 (Polk Cnty., Wis.). Plaintiff alleges that the complaint did not meet the requirements of the WCA, because it did not include "all of the figures necessary for calculation of the amount owed (and in fact included conflicting information to that amount) as required by Wis. Stat. § 425.109(1)(d)." (Am. Compl. (dkt. #15) ¶ 31.) Pursuant to statute, Capital One attempted to complete service via U.S. Mail, with a copy of the summons and complaint mailed by the Clerk of Court to Hopkins at an address in Deer Park, Wisconsin. Since Hopkins had vacated that address before the suit was even filed, the summons and complaint were returned to the clerk of court, marked as undeliverable. The clerk of court notified Kohn Law Firm of its return as counsel for Capital One.

On some unknown date, Capital One filed an amended summons, which again was sent to the same Deer Park address. Capital One also published a copy of the

3

amended summons in a local newspaper. The amended summons was returned to Kohn Law Firm, similarly marked as undeliverable.

On January 24, 2012, defendants sought entry of default judgment against Hopkins for failure to answer the complaint. That same day, judgment was entered in favor of Capital One and against Hopkins in the amount of $3,376.18. This judgment included $276.45 in costs and attorney's fees. The clerk of court mailed a notice of entry of judgment to the same Deer Park address, and once again, the notice was returned to the clerk of court as undeliverable.

### C. Post-State Court Judgment Actions

On February 5, 2013, Kohn Law Firm, acting on behalf of Capital One, sent Hopkins a collection letter, asserting an outstanding account balance of $3,517.63 and offering to "resolve your delinquent account." The letter did not mention the January 24, 2012, judgment, although plaintiff alleges that the amount sought included the $276.45 in costs and attorney's fees.

Sometime around March 2013, plaintiff filed a motion to vacate the judgment against her on the basis that the state statutory provision allowing service of process by publication and limiting a motion to vacate to one year after the date of judgment violated her due process rights under the United States and Wisconsin Constitutions. *See* Wis. Stat. § 799.29. While defendants initially opposed the motion to vacate, defendants withdrew their defenses in July 2013, consenting to the entry of an order

vacating the judgment and dismissing the action. On July 30, 2013, the Polk County small claims court executed the order, vacated the judgment and dismissed the action.

Plaintiff filed this action on January 24, 2014.

OPINION

Before the court are two motions, raising similar arguments. Defendants challenge plaintiff's claims on multiple grounds: (1) plaintiff's claims are barred by the *Rooker-Feldman* doctrine; (2) plaintiff's due process claims are meritless because defendants are not acting under color of state law as required under 42 U.S.C. § 1983; (3) plaintiff's claims under both the FDCPA and WCA are barred by their respective statutes of limitations; and (4) plaintiff has failed to plead a claim of abuse of process under Wisconsin common law.

I. Rooker-Feldman Challenge

The *Rooker-Feldman* doctrine deprives this court of jurisdiction to review a state court decision. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The reason underlying the doctrine is that "no matter how erroneous or unconstitutional the state court judgment may be, only the Supreme Court of the United States has jurisdiction to review it." *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012). This doctrine applies to "cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district

court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

In contrast, the state court judgment at issue here has already been vacated by a state court. Therefore, this court is neither being asked to review or vacate the judgment. Nor can plaintiff be accurately characterized a "state court loser."

All of that said, plaintiff *is* attempting to challenge the statute used by Capital One to secure its default judgment in state court, asserting that Wis. Stat. § 799.29 is unconstitutional because it allows service of process by publication. While such a challenge is not properly before this court for the reasons explained below,[3] it is not barred by the *Rooker-Feldman* doctrine. Indeed, the state court never reached the issue of § 799.29's constitutionality in light of defendants' consenting to the judgment being vacated.

**II. Section 1983 Due Process Challenge**

Next, defendants seek dismissal of plaintiff's § 1983 due process claim on the basis that they are not and were not acting under color of state law. In order to be characterized as state action under 42 U.S.C. § 1983, "the [constitutional] deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the [S]tate or by a person for whom the State is responsible . . .

---

[3] Defendants are similarly correct that any claim to review a state court judgment is mooted by its having been vacated, but the court does not understand plaintiff to be seeking review of that judgment.

[and] the party charged with the deprivation must be a person who may fairly be said to be a [S]tate actor." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982).

Plaintiff asserts, "[w]hen a party enters the courthouse, files suit with the clerk, and employs state law procedures to obtain a judgment against another, that party acts under the 'color of state law' for purposes of a claim under 42 U.S.C. § 1983." (Pl.'s Opp'n (dkt. #30) 12.) Plaintiff cites to a number of cases for support of this sweeping assertion while failing to recognize that *all* of these cases involve the defendant's use of the court system for an immediate taking of property without involvement of judicial process. *See Sniadach v. Family Fin. Corp. of Bay View*, 395 U.S. 337, 342 (1969) (finding notice and hearing required before obtaining a court order for garnishment of wages); *Fuentes v. Shevin*, 407 U.S. 67, 83 (1972) (holding that prejudgment replevin statute violated due process insofar as the statute denied individuals the right to be heard before property was repossessed); *N. Georgia Finishing, Inc. v. Di-Chem, Inc.*, 419 U.S. 601, 606-07 (1975) (holding that Georgia garnishment statute was unconstitutional because it did not provide for notice, hearing or participation of a judicial officer); *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, (1982) (finding prejudgment writ of attachment procedure violated due process).

Here, plaintiff alleges only that a judgment issued, not that a taking actually occurred without due process. There is not even an allegation that defendants attempted to enforce the judgment, except perhaps by implication in claiming the amount due under that judgment. And even if the court could fit plaintiff's challenge into the § 1983 framework, she fails to explain how any injury was not cured by the subsequent vacating

of the judgment against her.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (first element to establish standing is an "injury in fact").

### III.  FDCPA Claims

In her amended complaint, plaintiff separately pursues FDCPA claims against defendant Kohn Law Firm based on two alleged actions: (1) Kohn falsely represented the balance due in its February 5, 2013, letter; and (2) Kohn unlawfully sought and obtained a judgment against Hopkins on January 24, 2012.  Defendants raise two challenges to plaintiff's FDCPA claims.

*First*, defendants contend that Hopkins' claims are barred by the statute of limitations.  The FDCPA provides that any claims to enforce liability under the Act must be brought "within one year from the date on which the violation occurs."  15 U.S.C. §1692k(d).  The claim premised on the February 5, 2013, letter is timely, since this action was filed before February 5, 2014.  Defendant contends, however, that plaintiff's claim premised on the January 24, 2012, entry of default judgment is untimely and does not fall within the continuing violation doctrine adopted by other courts, albeit not recognized by the Seventh Circuit.  In response, plaintiff contends that she withdrew any FDCPA claim premised on the "long festering unlawfully entered judgment."  (Pl.'s Opp'n (dkt. #30) 11 n.2.)  As such, the court understands plaintiff to be limiting her FDCPA claim to the February 5, 2013, letter.

*Second*, defendants challenge plaintiff's claim that the February 5, 2013, letter can support an FDCPA violation, arguing that at the time Kohn sent the letter, its assertion

8

of the balance due properly reflected the amount of the default judgment, including costs and attorney's fees. While plaintiff fails to respond fully to this challenge, the plain language of 15 U.S.C. § 1692e(2)(A) arguably supports such a claim. That section provides in pertinent part that "[a] debt collector may not use any false deceptive misleading representation or means in connection with the debt," including "[t]he false representation of . . . the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). At least at the pleading stage, the allegation that Kohn misrepresented the amount due is enough to proceed under that provision. In her complaint, plaintiff also references 15 U.S.C. § 1692d (prohibiting harassment or abuse in the collection of debts) and 15 U.S.C. § 1692f (prohibiting the collection of any amount unless expressly permitted by law, among other claims). Even reading these statutes liberally and construing all facts in favor of plaintiff, the court sees no claim under either of these provisions of the FDCPA. Accordingly, the court will allow plaintiff to proceed on an FDCPA claim only under § 1692e(2)(A) and only as to the February 5, 2013, letter. Of course, while the court will let this narrow claim go forward, plaintiff will be expected to come forward with additional facts to survive summary judgment, including how she was injured by the sending of this single collection letter.

**IV.  WCA Claims**

Hopkins also alleges the following WCA violations: (1) prohibited practice based on defendants failure to include all information and documentation in the complaint filed on November 17, 2011; (2) unlawful debt collection actions based on an attempt to

9

obtain a void judgment, which persisted until Hopkins succeed in vacating the judgment on July 30, 2013; and (3) an unlawful act of debt collection based on the February 5, 2013, letter.  The court agrees with defendants that the first two claims are untimely, but will deny defendant's motion as to the third claim.

### A.  Filing of State Court Action

The Wisconsin Consumer Act contains its own statute of limitations, which provides that a consumer must commence an action to enforce his or her rights within the latest of the following: (1) two years after the date of the last violation; (2) two years after consummation of the agreement; or (3) one year after last payment.  Wis. Stat. § 425.307.[4]  As to the latter two dates, Hopkins entered into a credit agreement with Capital One before 2007, with her last payment under that agreement occurring sometime before November 2011.  Since both of these events pre-date the filing of suit here, plaintiff's claim is timely only if the last violation occurred on or after January 24, 2012.

Plaintiff contends that "Defendant's violations of the WCA stretch over several years, but the last occurred within one year of this suit.  Accordingly, ALL violations fall under the WCA's Statute of Limitation, which includes all violations under it[s] wing as long as the last occurred within 2 years of filing."  (Pl.'s Opp'n (dkt. #30) 10.)  In sole support of this argument, plaintiff cites to the "last violation" language in the statute.

---

[4] Defendant also cites to Wis. Stat. § 425.307(1), which contains the same rule at § 428.106(4).

The court, however, does not read § 425.307 to allow a timely claim based on one set of activities (the February 5, 2013, collection letter) to somehow usher in an untimely claim premised on a different set of activities (the state court action and judgment). While the "last violation" language arguably would allow for collection letters sent outside of the statute of limitations to be part of a claim based on a pattern of collection letter violations, so long as at least one collection letters was sent during the statute of limitations, plaintiffs' interpretation stretches the language beyond reason and runs counter to case law.

As defendant points out, the Wisconsin Court of Appeals recently considered a similar WCA statute of limitations defense in *Kirk v. Credit Acceptance Corporation*, 2013 WI App 32, 346 Wis. 2d 635, 829 N.W.2d 522. In *Kirk*, the circuit court "ruled that the statute of limitations did not bar Kirk's claims arising out of Credit Acceptance's November 17, 2008 filing of the deficiency action," but "the statute of limitations barred any claim prior to November 17, 2008." 2013 WI App 32, ¶ 7. On appeal, the plaintiff did not challenge the circuit court's dismissal of his untimely claims. Instead, the defendant argued that the claim premised on the deficiency action was also untimely. *Id.* at ¶ 24. While the court of appeals was not presented with, and in-turn did not consider, the specific issue here, the court did treat the deficiency action as a separate violation for purposes of deeming that claim timely. *Id.* at ¶ 25; *see also Derksen v. Rausch Strum Israel & Hornik SC*, No. 09-CV-588, 2010 WL 3835097, at *3 & n.8 (E.D. Wis. Sept. 29, 2010) (finding that WCA's statute of limitations barred plaintiff's claims relating "to factual issues that predate" the timely claim).

While § 428.106 appears to recognize a continuous violation by allowing a claim based on the date of the last violation in the continuum, even that liberal doctrine has certain limits: it only covers "the course of conduct that constitutes that violation." *Huckabay v. Moore*, 142 F.3d 233, 239-40 (5th Cir. 1998) (because a "continuing violation does not, however, necessarily make timely all his allegations of discriminatory conduct," demotion and failure to promote claims were discrete occurrences and untimely); *see also Rodrigue v. Olin Employees Credit Union*, 406 F.3d 434, 443 (7th Cir. 2005) (explaining that the continuation doctrine does not apply "to a series of discrete acts, each of which is independently actionable, even if those acts form an overall pattern of wrongdoing").

Plaintiffs' contention that the "last violation" language allows recovery for all acts relating to the same debt and debt-collection activities regardless of the passage of time or discrete quality of the acts is similarly unpersuasive. Accordingly, the court will grant defendants' motion to dismiss a WCA claim premised on the November 16, 2011, filing of the state court action.

### B. January 24, 2012, Default Judgment

Plaintiff separately claims that the January 24, 2012, entry of default judgment against her violated the WCA. As defendants point out, however, plaintiff's claim rests on a finding that defendants failed to serve Hopkins properly. Since the date of service occurred well in advance of January 24, 2012, this claim rests on events falling outside of the statute of limitations and is also untimely.

12

Even if it were timely, plaintiff contends that defendants violated the WCA by "claim[ing], or attempt[ing] or threaten[ing] to enforce a right with knowledge or reason to know that the right does not exist." Wis. Stat. § 427.104(1)(j). But this claim rests on plaintiff's assertion that service by publication under Wis. Stat. § 799.29 was unconstitutional, something that defendants could neither have known nor be inferred to have known, at that time. On the contrary, that statute remains in force today. As such, defendants cannot be held liable for relying on that statutory provision in pursing their claim against Hopkins. Accordingly, the court will dismiss plaintiff's WCA claim premised on their obtaining the January 24, 2012, default judgment.

### C. February 5, 2013, Letter

In moving to dismiss plaintiff's WCA claim premised on the February 5, 2013, letter, defendants simply refer to their arguments made in support of dismissing plaintiff's nearly identical FDCPA claim. (Defs.' Opening Br. (dkt. #17) 11.) For the same reasons articulated above, the court will reject defendants' motion to dismiss, finding that plaintiff has adequately plead a WCA claim premised on the February 5, 2013, letter.

## V. Abuse of Process

Finally, defendants seek to dismiss plaintiff's state law abuse of process claim. To state such a claim, plaintiff must allege "(1) a purpose other than that which the process was designed to accomplish, and (2) a subsequent misuse of the process." *Strid v.*

*Converse*, 111 Wis. 2d 418, 427, 331 N.W.2d 350, 355 (1983). Here, plaintiff's claim rests on her theory that notice by publication is invalid, but like her WCA claim, this does not adequately allege misuse of process. Instead, plaintiff complains about defendants' use of a *statutorily-sanctioned* process for collecting small claims. *See Thompson v. Beecham*, 72 Wis. 2d 356, 362, 241 N.W.2d 163, 166 (1976) (claim hinges on defendant doing something "under the process which was not warranted by its terms"). The court agrees with defendants that plaintiff's allegations read in the light most favorable to her do not state an abuse of process claim.

Admittedly, plaintiff's dismissed claims were all highly suspect given the principal assumption that defendants could not act on a valid, statutorily-created method of service of process, particularly when most of those claims were also time barred and/or premised on seemingly theoretical injuries arising out of a since-vacated judgment. Even so, one, albeit weak, claim is being allowed to proceed and the other claims were at least colorable if inadequately pled. Accordingly, the court declines to enter sanctions at this time.

ORDER

IT IS ORDERED that:

1) defendants Capital One Bank USA, N.A. and Kohn Law Firm S.C.'s motion to dismiss (dkt. #16) is DENIED as to plaintiff Deborah Hopkins' WCA and FDCPA claim premised on the February 5, 2013, letter and GRANTED in all other respects; and

2) defendants' motion for sanctions (dkt. #19) is DENIED.

Entered this 26th day of January, 2015.

> BY THE COURT:
>
> /s/
>
> _____
> WILLIAM M. CONLEY
> District Judge