IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DEBORAH HOPKINS,

                Plaintiff,                      OPINION AND ORDER

  v.

                                          14-cv-44-wmc

CAPITAL ONE BANK, USA, N.A. and
KOHN LAW FIRM, S.C.,

                Defendants.

In this action, plaintiff Deborah Hopkins asserted several claims against defendants Capital One Bank, USA, N.A., and its law firm, Kohn Law Firm, S.C., based on defendants' attempts to collect a consumer credit debt in Wisconsin small claims court. Only two claims survived defendants' motion to dismiss: a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; and a claim under the Wisconsin Consumer Act ("WCA"), Wis. Stat. Chs. 427 and 428, both premised on defendants' letter dated February 5, 2013.

There are two motions now before the court. First, plaintiff seeks reconsideration of the court's prior opinion and order on defendants' motion to dismiss, asserting several bases. For the reasons explained below, the court will deny that motion in full. Second, defendants have moved for summary judgment on the remaining claims, contending there is no genuine issue of material fact that the February 5 letter accurately reflected the balance then due. Because plaintiff's sole defense to that motion is the same meritless argument submitted in opposition to defendants' motion to dismiss and in

support of plaintiff's motion for reconsideration, the court will grant defendants' motion for summary judgment, direct entry of judgment in their favor, and close this case.

## UNDISPUTED FACTS[1]

On November 17, 2011, Capital One Bank, USA, N.A. ("Capital One"), by its attorneys, Kohn Law Firm, S.C. ("Kohn Law"), initiated suit against plaintiff Deborah Hopkins in Polk County, Wisconsin small claims court for the amount of $3,100.13. *Capital One Bank v. Hopkins*, No. 2011-SC-1081 (Polk Cnty., Wis.). The Polk County Clerk's office attempted to serve Hopkins with the complaint and summons by mail consistent with Wis. Stat. § 799.12. After the summons and complaint were returned to the Polk County Clerk's office, Capital One proceeded to serve Hopkins by publication of the amended summons in a local newspaper on January 5, 2012, also consistent with Wis. Stat. § 799.12.

On January 24, 2012, the Polk County Circuit Court entered a default judgment against Hopkins based on her failure to respond to the summons and complaint. The total judgment entered was $3,376.18, consisting of the principal sum of $3,100.13, plus $94.50 for the filing fee, $2.00 for the mail service fee, $24.55 for the publication fee, and $150.00 in statutory attorney's fees.

Pursuant to Wis. Stat. § 814.04(6), interest also ran on the judgment as of the date of the judgment at a rate of 4.25%. As of February 5, 2013, interest had accrued on

---

[1] Unless otherwise noted, the court finds the following facts material and undisputed.

the judgment in the amount of $141.45, bringing the total balance due as of that date to $3,517.63. On that same date, defendants mailed a letter to Hopkins attempting to collect that sum.

OPINION

I. Motion for Reconsideration

Consistent with his practice,[2] plaintiff's counsel filed a motion for reconsideration challenging virtually all of the court's reasons for granting defendants' motion to dismiss, while focusing primarily on the court's alleged failure to address count 5 of plaintiff's first amended complaint, seeking a declaration and injunction that Wis. Stat. §§ 799.12 and 799.24 are unconstitutional as applied to plaintiff.

The disposition of any motion for reconsideration is entrusted to the district court's discretion. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (citing *Billups v. Methodist Hosp.*, 922 F.3d 1300, 1305 (7th Cir. 1991)). To prevail on a motion to alter or amend under Rule 59(e), the movant must

---

[2] At least of late, plaintiff's counsel seems to have adopted a practice of filing motions to alter or amend the judgment in the face of any opinions unfavorable to his clients in this court. *See, e.g.*, *Bourdeau v. Credit Acceptance Corp.*, No. 14-cv-144-wmc (W.D. Wis. Apr. 9, 2015) (dkt. #30); *Kobilka v. Kohn Law Firm, SC*, No. 14-cv-268-wmc (W.D. Wis. Apr. 9, 2015) (dkt. #18); *Jung v. Cottonwood Fin. Wis., LLC*, No. 14-cv-241-jdp (W.D. Wis. Oct. 22, 2014) (dkt. #33). Generally speaking, none of these motions advance a basis for finding a manifest error of law or fact. Instead, counsel seems to treat these motions as an opportunity to either rehash arguments previously made or raise arguments that could have and should have been made in the first go-around. In order to avoid needless work for the parties, their counsel and this court, as well as possible monetary sanctions, Attorney Crandall is, therefore, admonished to review carefully the standard applicable to motions for reconsideration before filing them in the future.

present newly discovered evidence or establish a "manifest error of law or fact." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).[3] "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Id.* (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Accordingly, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole*, 90 F.3d at 1270.

Here, in contrast, plaintiff seems to have wholly failed to consider the narrow reach of a motion for reconsideration. *First*, plaintiff's contention that this court erred by failing to address her request for declaratory and injunctive relief in count 5 rests on the court's purported failure to address United States Supreme Court cases holding "that a statutory scheme like Wisconsin's, that allows a judgment to be entered against a consumer without notice, violates due process and is unconstitutional." (Pl.'s Mot. for Reconsideration (dkt. #41) 2; *see also id.* at 3 (listing cases).) In turn, this contention necessarily hinges on a claim that defendants violated plaintiff's constitutional rights, but the only basis under which plaintiff purports to bring such a claim in this court is pursuant to 42 U.S.C. § 1983. *See, e.g.*, *Greene v. Lindsey*, 456 U.S. 444, 447 (1982) ("seeking declaratory and injunctive relief under 42 U.S.C. § 1983" for violation of due process based on lack of notice). The court, however, already held that defendants were

---

[3] While the court has not entered judgment on the dismissed claims, plaintiff nevertheless cites to Rule 59 in seeking relief from the opinion dismissing those claims.

*not* acting under color of state law, and therefore plaintiff cannot assert a § 1983 claim against defendants. (1/26/15 Op. & Order (dkt. #35) 7-8.) *See also Read v. Klein*, No. 99-5058, 2001 WL 20818, at *6 (10th Cir. Jan. 9, 2001) (unpublished) (finding ex-wife and attorney who served plaintiff by publication prior to divorce decree being entered were not state actors; "a private party's mere invocation of state legal procedures does not constitute joint participation and thus is not state action") (internal citation and quotation marks omitted) (citing cases).

Absent a § 1983 claim, the only other basis plaintiff identifies for this court to grant declaratory and injunctive relief is the Declaratory Judgment Act, 28 U.S.C. § 2001 (*see* Am. Compl. (dkt. #15) ¶ 89) itself. But the Declaratory Judgment Act is "procedural only," and does not confer independent jurisdiction. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 471 (1950); *see also Cal. Shock Trauma Air Rescue v. State Comp. Ins. Fund*, 636 F.3d 538, 544 (9th Cir. 2011) (holding that federal question jurisdiction did not exist over declaratory judgment action, absent assertion of claim against state official).[4]

Unlike the case at hand, the Supreme Court cases cited by plaintiff -- as far as the court can discern -- were brought against government entities or private entities acting under color of state law, or were initiated and proceeded in state court where the challenged notice occurred. *See, e.g., Mullane v. Centr. Hanover Bank & Trust Co.*, 339 U.S.

---

[4] There appears to be a narrow opening for constitutional challenges in private civil suits, limited to First Amendment violations. *See Listecki v. Official Comm. of Unsecured Creditors*, 780 F.3d 731, 741-42 (7th Cir. 2015).

306 (1950) (appeal from state court); *Walker v. City of Hutchinson*, 352 U.S. 112 (1956) (defendant was municipality); *Schroeder v. City of New York*, 371 U.S. 208 (1962) (defendant was municipality); *Greene v. Lindsey*, 456 U.S. 444 (1982) (defendant was landlord acting under color of state law in posting the writ of forcible entry and detainer on the door of the plaintiff tenants); *Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478 (1988) (appeal from state probate court); *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791 (1983) (appeal from state court); *Jones v. Flowers*, 547 U.S. 220 (2006) (appeal from state court).[5]  In contrast, plaintiff seeks to challenge the constitutionality of a state statute in a federal court against a private actor.

Even if plaintiff's constitutional challenge were properly before this court, there appears no merit to a challenge to service by publication in a small claims court.  Cases in which courts have found that notice was not reasonable all involve the immediate disposition of substantial property rights, for example, settlement of trust proceeds, condemnation proceedings or probate proceedings.  *See, e.g.*, *Mullane*, 339 U.S. 306 (final settlement of trust proceeds); *Tulsa Prof'l Collection Servs.*, 485 U.S. 478 (probate proceeding); *Walker v. City of Hutchinson*, 352 U.S. 112 (condemnation); *Schroeder v. City of New York*, 371 U.S. 208 (1962) (condemnation).  In contrast, here, the only result is entry of a monetary judgment, during the collection of which the plaintiff still has an

---

[5] The court did not consider -- and need not have considered -- these cases in its original opinion and order because of the court's finding that defendants were not acting under color of law in seeking a judgment for money damages against plaintiff in a state small claims court.

opportunity to challenge the appropriateness of the judgment itself. Indeed, that is exactly what plaintiff did here in successfully seeking the reopening of the judgment.

*Second*, plaintiff also takes issue with the court's statement in its opinion and order on the motion to dismiss, that one of plaintiff's WCA claims "rests on plaintiff's assertion that service by publication under Wis. Stat. § 799.29 was unconstitutional, something that defendants could neither have known nor be inferred to have known, at that time." (1/26/15 Op. & Order (dkt. #35) 13.) This argument, too, falls flat. Indeed, all of the cases relied on by plaintiff to place defendants on notice of the purported unconstitutionality of the challenged state statute involve the sufficiency of notice in the taking of property without the involvement of judicial process (*see id.* at 7) -- not a judgment for money damages like that at issue here.

*Third*, plaintiff contends that the court erred in finding a failure to allege an injury, arguing that she is entitled to compensatory damages caused simply by being subjected to dunning letters containing attorneys' fees and costs as part of the state judgment. Plaintiff's argument, however, is premised on her contention that the judgment was obtained unlawfully, and the court rejects any claim based on that challenge for all of the reasons already articulated in its prior opinion and order, including that defendants did not act under color of state law to implicate § 1983.

*Fourth*, and finally, plaintiff takes issue with this court's interpretation and application of the statute of limitations in the Wisconsin Consumer Act, Wis. Stat. § 425.307. Other than characterizing the court's approach as "business friendly" (Pl.'s Mot. for Reconsideration (dkt. #41) 8), plaintiff fails to offer any analysis to bolster her

7

argument that the court's interpretation was flawed. Even if she had offered that analysis, she fails to explain why such arguments were not made in response to defendants' motion to dismiss. Most notably, plaintiff fails to address this court's analysis or the cases cited by this court in reaching its conclusion that Wis. Stat. § 425.307 does not "allow a timely claim based on one set of activities (the February 5 collection letter) to somehow usher in an untimely claim premised on a different set of activities (the state court action and judgment)." (1/26/15 Op. & Order (dkt. #35) 11.) The court finds no basis for upsetting that part of the prior opinion and order.

For all of these reasons, the court will deny plaintiff's motion for reconsideration.

## II. Defendants' Motion for Summary Judgment

While the court dismissed most of the claims in plaintiff's amended complaint, the court denied defendants' motion with respect to an FDCPA and a WCA claim premised on the February 5 letter, finding that the alleged violations of each statute by the letter fell within the respective statute of limitations. Defendants now move for summary judgment on those remaining claims, arguing that the letter accurately stated the amount due and owing, and therefore plaintiff cannot demonstrate a violation of either statute. In particular, defendants explain in their brief the statutory basis for the $150 in attorneys' fees, as well as describing the interest calculation in great detail. (Defs.' Opening Br. (dkt. #37) 4.)

As its sole response to defendants' summary judgment motion, plaintiff simply reiterates rejected arguments from her opposition to defendants' motion to dismiss,

8

asserting that defendants "were not legally allowed to attempt to collect statutory fees and costs and interest on a void judgment." (Pl.'s Opp'n (dkt. #42) 7.) Importantly, at the time of the February 5, 2013, letter, however, there is no dispute that the judgment *was* in effect. Plus, this court already rejected any claim that the judgment was void because of defendants' service of process by publication pursuant to Wis. Stat. § 799.12. Since the court finds that plaintiff has failed to raise a genuine issue of material fact as to her two remaining claims, summary judgment in favor of defendants is warranted.

ORDER

IT IS ORDERED that:

1) plaintiff Deborah Hopkins' motion to alter and amend judgment under Federal Rule Civil Procedure 59(e) (dkt. #40) is DENIED;

2) defendants Capital One Bank USA, N.A. and Kohn Law Firm S.C.'s motion for summary judgment (dkt. #36) is GRANTED; and

3) the clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 14th day of May, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge